**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1061
_____

JOHN ABERNATHY,
                    Appellant

v.

CITY OF PITTSBURGH; STATE OF PENNSYLVANIA;
MACS TOWING OF HOMESTEAD; BEN SMITH, City of Pittsburgh Attorney
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-18-cv-00302)
Magistrate Judge:  Honorable Robert C. Mitchell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2019
Before: GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant John Abernathy appeals from the District Court's order granting summary judgment in favor of the defendants in a civil rights action that Abernathy brought pursuant to 42 U.S.C. § 1983. For the reasons discussed below, we will affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In December 2017, the City of Pittsburgh received complaints that Abernathy's vehicle, a 2008 Toyota Prius, had been sitting, with a flat tire, for more than a month on a City street. A police officer visited the scene and determined that the car's inspection sticker had expired a year ago and that the registration had expired in June 2017. Thus, the vehicle was presumed abandoned under Pennsylvania law, and the vehicle was towed by a salvor, Mac's Towing of Homestead, on January 11, 2018. See 75 Pa. Stat. § 7304.1. The police submitted an abandoned vehicle report to the Pennsylvania Department of Transportation, which sent a notice to the registered owner of the vehicle, Mr. Abernathy, on February 10, 2018. Under Pennsylvania law, after receiving such a letter, the owner may request a hearing "before a civilian officer or employee of the municipality in which the vehicle was reported as abandoned." Id. § 7305(b). Abernathy received the letter, but he never requested a hearing.

Instead, Abernathy wrote the City Law Department a letter complaining about the towing of his vehicle and indicating his intent to sue. Abernathy received a response from Ben Smith, an attorney with the City Law Department, who told Abernathy that he had the option of requesting a hearing. Smith said that he usually serves as the hearing officer, and he informed Abernathy that most challenges are unsuccessful.

2

In March 2018, Abernathy filed a complaint in the District Court, raising claims that the defendants violated his procedural due process rights. The defendants filed motions to dismiss, which the District Court converted into motions for summary judgment. After providing the parties with notice and an opportunity to respond, the District Court granted summary judgment to the defendants. This appeal ensued.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23. A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Abernathy challenges the District Court's ruling on his due process claims, arguing that he should have been afforded an opportunity to be heard before his vehicle

---

[1] On May 7, 2019, we granted the Commonwealth of Pennsylvania's motion for Summary Affirmance.

was towed and that his available postdeprivation remedy was inadequate.[2]  To prevail on his procedural due process claim, Abernathy was required to show that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law."  Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (quotation marks and citation omitted).  "A fundamental requirement of due process is the opportunity to be heard . . . at a meaningful time and in a meaningful manner."  Elsmere Park Club, L.P. v. Town of Elsmere, 542 F.3d 412, 417 (3d Cir. 2008) (quotation marks and citation omitted).  We have held that "[w]here there is the necessity of quick action by the State, or where providing any meaningful predeprivation process would be impractical," an adequate postdeprivation remedy is sufficient to protect an individual's due process rights.  Id.  A "procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies."  Id. at 423 (quotation marks and citations omitted).

---

[2] Abernathy has not argued that the District Court erred in denying his motion to amend his complaint or in setting aside the default judgment that was initially entered against Mac's Towing.  Thus, those issues are waived.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").  In any event, we have considered those issues and we conclude that the District Court's ruling on them was proper.  To the extent that Abernathy's briefing in this Court raised new claims under the Fourth Amendment, the Eighth Amendment, and state law, those claims are waived.  See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) (generally, the "failure to raise an issue in the district court constitutes a waiver of the argument").

Here, because of the apparent "necessity of quick action" and the impracticality of providing a predeprivation process before towing Abernathy's vehicle, a predeprivation hearing was not required. Id. at 417; see also City of Los Angeles v. David, 538 U.S. 715, 719 (2003) (noting that a predeprivation hearing was impractical and not required prior to city's towing of vehicle). Abernathy was provided with an adequate postdeprivation remedy under Pennsylvania law, see 75 Pa. Stat. § 7305(b), including notice that his vehicle was towed and an opportunity to request a hearing to challenge the determination that his vehicle was abandoned.[3] Because Abernathy "failed to take advantage of the available process, [he] has not demonstrated a violation of the Due Process Clause of the Fourteenth Amendment and thus cannot maintain a successful § 1983 action in federal court." Elsmere, 542 F.3d at 424. Therefore, the District Court properly granted summary judgment in favor of all the defendants, including the City. See Mulholland v. Government County of Berks, Pa., 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.").[4]

---

[3] The mere fact that Ben Smith informed Abernathy that most challenges are unsuccessful is insufficient for a reasonable factfinder to determine that the City does not provide a neutral arbiter, let alone that the "process offered was 'patently inadequate.'" Elsmere, 542 F.3d at 423 (citation omitted). Nor is there any evidence that a delay in offering a hearing rendered the process patently inadequate. See David, 538 U.S. at 719 (27-day delay in holding a hearing regarding city's towing of vehicle was "no more than a routine delay substantially required by administrative needs").

[4] As the due process claims are meritless, we need not rule on the Appellees' alternative arguments for affirming the District Court's judgment, such as whether Mac's Towing was a proper defendant under § 1983 or whether Mac's Towing and Ben Smith were personally involved in the alleged due process violations.

Accordingly, we will affirm the judgment of the District Court.